William B. Aitchison (*pro hac vice motion forthcoming*)
Public Safety Labor Group
3021 NE Broadway Street
Portland, OR, 97232
Tel. (866) 486-5556
Fax. (866) 401-2201
Will@PSLGlawyers.com

James J. Cunningham CA Bar # 128974
Law Offices of James J Cunningham
10405 San Diego Mission Rd, Ste 201,
San Diego, CA 92108-2174
Tel. (858) 693-8833
Fax.(858) 693-8834
jimcunninghamlaw@gmail.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**ERIC KELLEY, PATRICK HESTERS,** and **ERIC DUNNICK**, on behalf of themselves and other similarly situated individuals,

**Plaintiffs,**

**v.**

**CITY OF SAN DIEGO,**

**Defendant.**

**Case No.** **'19CV0622 AJB MDD**

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COLLECTIVE ACTION - 29 U.S.C. § 216**

## PRELIMINARY STATEMENT

1. Plaintiffs are or were employed by Defendant City of San Diego ("Defendant" or "the City") and bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.* to recover unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, reasonable attorney fees, and other relief.

2. This action arises from Defendant's failure to properly calculate the "regular rate" of pay used to calculate Plaintiffs' overtime compensation under the FLSA and its failure to properly compensate employees for compensatory time off.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1331 and 29 U.S.C. Section 216(b). This Court has subject matter jurisdiction pursuant to 29 U.S.C. Sections 207 *et seq*. Venue lies within this district pursuant to 28 U.S.C. Section 1391.

## PARTIES

4. Plaintiffs are current and former employees of Defendant. Plaintiffs are or were "employees" within the meaning of 29 U.S.C. Section 203(e) and entitled to the rights, protections, and benefits of the FLSA.

5. Defendant is a political subdivision of the State of California. Defendant is an "employer" within the meaning of 29 U.S.C. Section 203(d), an "enterprise" under 29 U.S.C. Section 203(r), and a "public agency" within the meaning of 29 U.S.C. Section 203(x). Defendant employs or employed the Plaintiffs.

## COLLECTIVE ACTION

6. Plaintiffs bring this action on behalf of themselves and other similarly situated individuals who are or were non-exempt employees in Defendant's Fire Department at any time during the three years preceding the filing of this action and were deprived of their complete statutorily required overtime compensation as described in this Complaint.

7. Pursuant to 29 U.S.C. Sections 216(b) and 256, the named Plaintiffs have executed and hereby file with the Court their consents in writing to become party Plaintiffs in this action. **(Exhibit A)** When other similarly situated individuals join this action, their consents will be filed with the Court. The written consent forms identify each Plaintiff by name and reflect their intent to be a party to this lawsuit.

**FACTUAL ALLEGATIONS**

8. Plaintiffs and all similarly situated individuals are or were non-exempt employees of Defendant during the three years preceding the filing of this action.

9. At all times relevant herein, Defendant required or suffered or permitted Plaintiffs to work overtime hours under 29 U.S.C. Section 207.

**Cash-In-Lieu Payments**

10. At all times relevant herein, Defendant failed to properly calculate the "regular rate" of pay upon which the overtime compensation for Plaintiffs and all similarly situated individuals must be based under 29 U.S.C. Section 207(a).

11. Employers are permitted to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person pursuant to a "bona fide plan" for providing health insurance benefits. 29 U.S.C. § 207(e)(4).

12. The Department of Labor's interpretation of the term "bona fide plan" as set forth in 29 C.F.R. section 778.215(a)(5), states in relevant part:

> "The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, that if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in case of all or part of the amount standing to his credit."

13. As part of the compensation paid to Plaintiffs and all similarly situated individuals, Defendant provided monetary compensation in-lieu of contributions towards the cost of health insurance benefit coverage ("in-lieu payments").

14. Defendant did not include the in-lieu payments made to Plaintiffs and all similarly situated individuals when calculating their "regular rate" in violation of the FLSA. As a result, Defendant impermissibly lowered the "regular rate" of pay and improperly reduced the amount of overtime compensation required to be paid to Plaintiffs and all similarly situated individuals under the FLSA.

15. At all times relevant herein, Defendant did not place any conditions on the use by Plaintiffs of in-lieu payments.

16. At all times relevant herein, Defendant treated the in-lieu payments paid to Plaintiffs and all similarly situated individuals as wages for purposes of applicable tax withholdings.

17. Defendant was required to include the value of the in-lieu payments in calculating the "regular rate" of pay used to determine overtime compensation for Plaintiffs and all similarly situated individuals as required by the FLSA.

18. The monetary contributions made by Defendant for medical insurance and other health and welfare benefits were not made pursuant to a "bona fide plan" within the meaning of 29 U.S.C. Section 207(e)(4) and 29 C.F.R. Section 778.215. Consequently, those payments were compensation for work that must be included in the "regular rate" of pay when determining overtime compensated as required by the FLSA.

19. By excluding the value of in-lieu payments and Defendant's monetary contributions for medical insurance and other health and welfare benefits in the calculation of the "regular rate" of pay when determining the amount of overtime compensation to be paid to Plaintiffs and all similarly situated individuals, Defendant failed to pay Plaintiffs and all similarly situated individuals the correct amount of overtime compensation for all hours of overtime worked as required by the FLSA.

**Compensatory Time Off**

20. Defendant employs a system of using compensatory time off ("CTO") to compensate Plaintiffs and similarly-situated individuals for overtime hours worked. Under certain circumstances, Defendant "cashes out" the accrued but unused CTO but fails to do so at the regular rate of pay.

21. 29 U.S.C. Section 207(o)(3)(B) requires that if "compensation is paid to an employee for accrued compensatory time off, such compensation shall be paid at the regular rate earned by the employee at the time the employee receives such payment."

22. 29 U.S.C. Section 207(o)(4) requires that, upon termination of employment, Plaintiffs must be paid for unused CTO at a rate of compensation not less than the greater of "(A) the average regular rate received by such employee during the last 3 years of the employee's employment, or (B) the final regular rate received by such employee."

**Cycle Time**

23. Defendant treats Plaintiffs holding the ranks of firefighter: Fire Recruit, Firefighter I, Firefighter II, Firefighter III, Fire Engineer, Fire Engineer-Metro Arson Strike Team (MAST), Fire Captain, Fire Captain-Metro Arson Strike Team (MAST), Fire Battalion Chief, Assistant Fire Marshall, Emergency Medical Technician I, Paramedic I, Paramedic II, Fire Prevention Inspector I, Fire Prevention Inspector II, Fire Prevention Supervisor I, Fire Prevention Supervisor II, Fire Helicopter Pilot and Air Operations Chief (collectively referred to as "Firefighters") as subject to the partial overtime exemption described in 29 U.S.C. 207(k) (the "Section 7(k) Exemption"). Defendant has adopted a 28-day work period under the Section 7(k) Exemption, which requires Defendant to pay overtime to Plaintiffs under the FLSA when they work more than 212 hours in the 28-day work period.

24. In three twenty-eight-day work periods Firefighters work two nine-shift work cycles (216 hours each) and one ten-shift work cycle (240 hours). In order to account for a consistent pay system Defendant uses a concept known as "Cycle Time." Defendant's system of Cycle Time involves subtracting eight hours from four consecutive paychecks and adding sixteen

hours to two consecutive paychecks. This maintains employees at 112 hours per bi-weekly pay period.

25. Defendant calculates the regular rate for FLSA overtime by dividing all remuneration by 224 hours, the average number of hours worked over three work periods.

26. The Cycle Time system has the effect of Defendant failing to properly count all hours worked by Firefighters in the pay periods in which Defendant has subtracted eight hours from the actual work hours of Firefighters.

**The City's Formulas For Calculating FLSA Overtime.**

27. Under 29 U.S.C. Section 207(a), the regular rate of pay is produced by dividing all remuneration for employment by the employee's regularly-scheduled hours worked, and the FLSA overtime rate is one and one-half times the regular rate of pay.

28. Instead of using the regularly-scheduled hours worked of employees as the denominator in the regular rate equation, Defendant divides remuneration for employment by all hours worked by an employee, including overtime hours worked. This results in a reduction in the employee's FLSA overtime rate, where each hour of overtime worked produces a lower overtime rate. Consequently, Defendant failed to compensate plaintiffs under an appropriate calculation of their rate(s) of pay.

29. Instead of multiplying the regular rate of pay by time and one-half, the City's overtime formulas multiply certain forms of remuneration for employment by half-time. Consequently, Defendant failed to compensate Plaintiffs at the appropriate FLSA overtime rate.

30. In addition, through its Cycle Time system, Defendant calculates the regular rate by averaging the total number of hours worked over three work periods. This practice violates 29 C.F.R. § 778.104, which disallows the averaging of hours over multiple work periods. The result of this use of Cycle Time is that Defendant failed to compensate plaintiffs for all hours worked in calculation of their rate(s) of pay.

**Liquidated Damages and Willfulness**

31. Defendant's failure to properly calculate the overtime payments due Plaintiffs and all similarly situated individuals was neither reasonable nor in good faith.

32. Defendant's failure to properly calculate the overtime payments due Plaintiffs and all similarly-situated individuals was a willful violation of the FLSA.

**FIRST COUNT**

**Violation of 29 U.S.C. Section 207(a)-The Improper Treatment Of Cash-In-Lieu Payments Under The FLSA**

33. Plaintiffs incorporate by reference paragraphs 1 through 32, inclusive, as though set forth herein.

34. Defendant required, suffered or permitted Plaintiffs and all similarly situated individuals to work overtime, but failed to properly compensated Plaintiffs and similarly-situated individuals at time and one-half the "regular rate" of pay.

35. Defendant's failure to compensate Plaintiffs and all similarly situated individuals as required by the FLSA was neither reasonable nor in good faith.

36. Defendant's failure to compensate Plaintiffs and all similarly situated individuals as required by the FLSA was a willful violation of the FLSA. Based on Defendant's willful violation of the FLSA, Plaintiffs and all similarly situated individuals are entitled to damages and liquidated damages as allowed by the FLSA for a period of three years immediately preceding the filing of this action.

37. The employment and work records for Plaintiffs and similarly situated individuals are in the exclusive possession, custody and control of the City, and Plaintiffs are unable to state at this time the exact amounts owing to them. The City is under a duty imposed by the FLSA, 29 U.S.C. Section 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records.

**SECOND COUNT**

**Violation of 29 U.S.C. Section 207(o)-Failure to Properly Compensate Employees For Compensatory Time Off**

38. Plaintiffs incorporate by reference paragraphs 1 through 32, inclusive, as though set forth herein.

39. Defendant failed to include all forms of compensation as required by the FLSA in the "regular rate" of pay when it compensated Plaintiffs and all similarly situated individuals for accrued but unused CTO.

40. Defendant's failure to compensate Plaintiffs and all similarly situated individuals as required by the FLSA was neither reasonable nor in good faith.

41. Defendant's failure to compensate Plaintiffs and all similarly situated individuals as required by the FLSA was a willful violation of the FLSA. Based on Defendant's willful violation of the FLSA, Plaintiffs and all similarly situated individuals are entitled to damages and liquidated damages as allowed by the FLSA for a period of three years immediately preceding the filing of this action.

**THIRD COUNT**

**Violation of 29 U.S.C. Section 207(a) – Defendant's Cycle Time System**

42. Plaintiffs incorporate by reference paragraphs 1 through @32 inclusive, as though set forth herein.

43. Defendant's use of the Cycle Time system results in Defendant failing to compensate Firefighters for all overtime hours worked under the FLSA, and results in an improper calculation of the regular rate of pay.

44. Defendant's failure to compensate Firefighters required by the FLSA was neither reasonable nor in good faith.

45. Defendant's failure to compensate Firefighters as required by the FLSA was a willful violation of the FLSA. Based on Defendant's willful violation of the FLSA, Firefighters are entitled to damages and liquidated damages as allowed by the FLSA for a period of three years immediately preceding the filing of this action.

**FOURTH COUNT**

**Violation of 29 U.S.C. Section 207(a)-Defendant's Overtime Formula**

46. Plaintiffs incorporate by reference paragraphs 1 through 32, inclusive, as though set forth herein.

47. Defendant's overtime formula, which divides remuneration for employment by all hours worked rather than the regularly-scheduled hours worked of employees, results in Defendant failing to compensate Plaintiffs and all similarly-situated individuals at time and one-half the regular rate of pay.

48. Defendant's failure to compensate Plaintiffs and all similarly situated individuals as required by the FLSA was neither reasonable nor in good faith.

49. Defendant's failure to compensate Plaintiffs and all similarly situated individuals as required by the FLSA was a willful violation of the FLSA. Based on Defendant's willful violation of the FLSA, Plaintiffs and all similarly situated individuals are entitled to damages and liquidated damages as allowed by the FLSA for a period of three years immediately preceding the filing of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all similarly situated individuals pray for judgment as follows:

1. Recovery of monetary damages in the form of unpaid overtime compensation, liquidated damages equal to the amount of unpaid overtime compensation, plus prejudgment and post-judgment interest;

2. A determination that Defendant willfully violated the FLSA thereby entitling Plaintiffs and all similarly situated individuals to recover monetary damages for a three-year period preceding the filing of this action;

3. A complete and accurate accounting of all compensation to which Plaintiffs and all similarly situated individuals are entitled;

4. For reasonable attorneys' fees pursuant to 29 U.S.C. Section 216(b);

5. For costs of suit incurred herein, and

6. For such other and further relief as the Court deems just and proper.

Dated: April 02, 2019

Respectfully submitted,

**Law Offices of James J Cunningham**

**BY:S/JAMES J. CUNNINGHAM**

______________________________

**JAMES J. CUNNINGHAM**
Attorney for Plaintiffs
jimcunninghamlaw@gmail.com

# EXHIBIT A

**CONSENT TO JOIN ACTION**
**(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))**
**LITIGATION ENTITLED:**
***KELLEY, ET AL. v. CITY OF SAN DIEGO***

I, Eric Kelley, of San Diego County, State of California, hereby consent to become a party to the litigation action entitled ***Eric Kelley, et al. v. City of San Diego*** filed on March @@, 2019 in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of San Diego failed to properly compensate its employees for overtime hours worked and failed to make timely payments to its employees for overtime hours worked. I am, or was, employed by the City of San Diego during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of San Diego pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, the Public Safety Law Group PC and the Napier Law Firm as legal counsel to represent me for all purposes in this action.

[signature]
Signature

Eric D. Kelley
Printed Name

RSP2140@GMAIL.COM
Email Address

3/29/2019
DATE

**CONSENT TO JOIN ACTION**
**(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))**
**LITIGATION ENTITLED:**
***KELLEY, ET AL. v. CITY OF SAN DIEGO***

I, PATRICK HESTERS, of San Diego County, State of California, hereby consent to become a party to the litigation action entitled ***Eric Kelley, et al. v. City of San Diego*** filed on March @@, 2019 in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of San Diego failed to properly compensate its employees for overtime hours worked and failed to make timely payments to its employees for overtime hours worked. I am, or was, employed by the City of San Diego during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of San Diego pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, the Public Safety Law Group PC and the Napier Law Firm as legal counsel to represent me for all purposes in this action.

[signature]
Signature

PATRICK HESTERS
Printed Name

pshesters@gmail.com
Email Address

3/29/19
DATE

**CONSENT TO JOIN ACTION**
**(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))**
**LITIGATION ENTITLED:**
***KELLEY, ET AL. v. CITY OF SAN DIEGO***

I, ERIC B. DUNNICK, of San Diego County, State of California, hereby consent to become a party to the litigation action entitled ***Eric Kelley, et al. v. City of San Diego*** filed on March @@, 2019 in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of San Diego failed to properly compensate its employees for overtime hours worked and failed to make timely payments to its employees for overtime hours worked. I am, or was, employed by the City of San Diego during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of San Diego pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, the Public Safety Law Group PC and the Napier Law Firm as legal counsel to represent me for all purposes in this action.

[signature]
Signature

ERIC B. DUNNICK
Printed Name

ERICD2@HOTMAIL.COM
Email Address

3-29-19
DATE